J-A11045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :     PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| STEPHEN MICHAEL O'NEILL | : |
| | : |
| Appellant | : No. 1048 MDA 2025 |

Appeal from the Judgment of Sentence Entered June 25, 2025
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000040-2024

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 30, 2026**

Stephen Michael O'Neill (Appellant) appeals from the judgment of sentence imposed following his plea of *nolo contendere*. He challenges the discretionary aspects of his sentence. After careful review, we find no abuse of discretion and affirm.

Appellant was charged with multiple sexual offenses involving his minor daughter. On February 5, 2024, Appellant was charged with five counts: aggravated indecent assault without consent, aggravated indecent assault – complainant less than 13, indecent assault without consent, indecent assault – complainant less than 13, and endangering the welfare of children.[1] On March 6, 2025, Appellant tendered a plea of *nolo contendere* to count four of

---

[1] 18 Pa.C.S. §§ 3125(a)(1), 3125(a)(7), 3126(a)(1), 3126(a)(7), and 4304, respectively.

the information, indecent assault, a felony of the third degree.[2]  The trial court accepted Appellant's plea and, following Appellant's evaluation by the Sexual Offender Assessment Board, sentenced Appellant to a term of 18 to 60 months of incarceration, followed by three years of probation, on June 24, 2025.[3] Appellant was not deemed to be a sexually violent predator, but was ordered to register for life under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.15(a)(3) (providing that an offender convicted of indecent assault, a Tier III offense, must register for his or her lifetime). On June 25, 2025, the trial court filed an amended sentencing order, granting Appellant time credit of 534 days on his sentence.[4]

On July 2, 2025, Appellant filed a post-sentence motion to reconsider his sentence, claiming that his sentence was excessive and asking for a standard range sentence to be imposed.  The motion was denied on July 9, 2025.  On July 29, 2025, counsel filed a motion for leave to withdraw his appearance on Appellant's behalf.  On July 31, 2025, Appellant filed a *pro se*

_____

[2] The court granted the Commonwealth's petition to *nolle pros* the remaining counts on July 18, 2025.

[3] The consecutive three-year period of probation was mandatory due to Appellant's conviction for indecent assault. 42 Pa.C.S. § 9718.5.

[4] Appellant's *pro se* appeal asserted that it was taken from the denial of his motion to reconsider his sentence.  However, when a court amends the judgment of sentence that was imposed during the period it retains jurisdiction, as occurred here, the direct appeal properly lies from the amended judgment of sentence. *See Commonwealth v. Garzone*, 993 A/2d 1245, 1254 n.6 (Pa. Super. 2010).  We have corrected the caption accordingly.

motion for reconsideration in the trial court along with a *pro se* notice of appeal. On August 4, 2025, the trial court granted counsel's request to withdraw and appointed new counsel for this appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> 1. Did the trial court abuse its discretion by imposing a manifestly excessive sentence, disproportionate to the circumstances, which was placed at the highest level of the aggravated range of the sentencing guidelines, by failing to consider the mitigating circumstances present and to analyze or consider the rehabilitative needs of [Appellant], the impact upon the community, and the actual need for protection of the public under 42 Pa.C.S.[] § 9721(b) of the Pennsylvania Sentencing Code, and, more particularly, by failing to consider [Appellant's] characteristics, including his age, military service, gainful employment, mental health issues, and acceptance of responsibility, in contravention of 42 Pa.C.S.[] §§ 9721(b) and 9725, resulting in a sentence that was not individualized?

Appellant's brief at 4.

Appellant challenges the discretionary aspects of his sentence. Initially, we note that there is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Morrobel***, 311 A.3d 1153, 1156 (Pa. Super. 2024)

- 3 -

(citation and internal quotation marks omitted).

Here, Appellant has sufficiently complied with the requirements for appellate review of his sentence. Appellant filed a timely notice of appeal and preserved his sentencing claim in his timely post-sentence motion. Appellant's brief includes the required statement under Pa.R.A.P. 2119(f). With respect to whether Appellant has raised a substantial question for our review, we note that "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted). We determine on a case-by-case basis whether an appellant has raised a substantial question regarding the discretionary aspects of his sentence. *Commonwealth v. Shroat*, 272 A.3d 523, 527 (Pa. Super. 2022).

Appellant asserts that his sentence is manifestly excessive and disproportionate to the circumstances of his case because the trial court sentenced him in the aggravated range and because the trial court solely focused upon the seriousness of the offense, ignoring both the factors contained in 42 Pa.C.S. § 9721(b) and certain mitigating factors, including his status as an honorably discharged veteran of the Marine Corps. We have held that these claims raise substantial questions. *Id.* (*citing Commonwealth v. White*, 193 A.3d 977, 983 (Pa. Super. 2018) (a substantial question exists where the claim is that the court disregarded the defendant's rehabilitative

- 4 -

needs)); ***see also Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (claim that the sentencing court abused its discretion in imposing an aggravated range sentence based upon its consideration of impermissible sentencing factors is a substantial question). We thus conclude that Appellant has presented a substantial question.

In considering the discretionary aspects of a sentence on review, we note that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion. ***Commonwealth v. Lawrence***, 313 A.3d 265, 285 (Pa. Super. 2024). In this context, an abuse of discretion requires the sentencing court to have ignored or misapplied the law, otherwise acted with manifest unreasonableness, or made its decision while exhibiting partiality, prejudice, bias, or ill-will; a sentence will be affirmed unless the sentencing court's determination suffers from such a lack of support so as to be clearly erroneous. ***Id.***

As noted by Appellant, 42 Pa.C.S. § 9721(b) offers the following guidance to the trial court's sentencing determination: "the sentence imposed should call for confinement that is consistent with…the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The balancing of these sentencing factors is solely the responsibility of the sentencing court." ***Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022) (internal citations omitted).

- 5 -

Appellate review of a sentence imposed is conducted under 42 Pa.C.S. § 9781. Where, as here, the sentence is within the guideline ranges, we must affirm unless "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2).

Appellant asserts that his sentence is unreasonable because the sentencing court did not give proper consideration to his evidence in support of a mitigated range sentence. Specifically, Appellant asserts that he was 38 years old, had no prior record, had graduated high school and attended the New York Institute of Technology, and served as a U.S. Marine before being medically discharged. Appellant's brief at 21. Appellant was a social drinker, had no drug abuse history, and suffers from PTSD, fibromyalgia, and neuropathy. *Id.* Appellant maintained a family business and worked in his mother's coffee shop. *Id.* Appellant asserts that, "the trial court failed to consider this [mitigating] information when imposing a sentence at the highest end of the aggravated range of the Sentencing Guidelines. The trial court should have considered this information and balanced it against what it asserted to be an aggravating factor justifying an aggravat[ed] sentence before imposing a sentence at the highest end of the aggravated range." *Id.* at 23.

At the time sentence was imposed, the court explained its sentence as follows:

> The reason for my sentence, which is in the aggravated range, is that I think you violated the trust between a parent and child. This child is going to have this trauma for the rest of [her] life.

> Your actions were very serious. It was your daughter. And I think it's appropriate under this, these circumstances.

N.T., Sentencing, 6/24/25, at 17. The court reiterated these same reasons for the sentence imposed in the trial court's Rule 1925(a) opinion. Trial Court Opinion, 9/30/25, at 5. The court further explained that it had reviewed a "comprehensive Pre-Sentence Investigation" prior to sentencing. *Id.* Further, Appellant's sentence "was consistent with this [c]ourt's past sentencing practices for similar offenses," and was within the applicable sentencing guidelines. *Id.* Finally, the court noted that Appellant received time credit for his pre-trial incarceration. *Id.*

Based upon our review of the record and relevant case law, we conclude that the court here did not abuse its discretion in rendering its sentence. Sentencing is vested in the sound discretion of the trial court, and this Court may not substitute its judgment for that of the sentencing court merely because it might have weighed the relevant factors differently. *See Miller*, *supra*.

Appellant's principal contention is that the court failed to afford sufficient weight to mitigating factors, including his lack of a prior record, military service, educational background, employment history, and physical and mental health issues. However, the record demonstrates that the sentencing count reviewed a comprehensive presentence investigation report (PSI) prior to imposing sentence. Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion

should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009). Consequently, the court was not required to specifically discuss each mitigating factor in depth at the time of sentencing.

Moreover, the sentencing court articulated a clear and permissible basis for imposing a sentence in the aggravated range of the guidelines. The court emphasized that Appellant's conduct constituted a profound violation of the trust inherent in the parent-child relationship and that the victim would suffer the consequences of that trauma for the remainder of her life. N.T., Sentencing, 6/24/25 at 17. The court further noted that the offense was particularly grave because the victim was Appellant's own daughter. These considerations directly relate to the gravity of the offense and the impact of the crime upon the victim, factors which are a part of the sentencing calculus that are required to be considered under Section 9721(b).

Ultimately, Appellant's claim amounts of a request that this Court re-weigh the aggravating and mitigating factors and reach a different sentencing determination, which we may not do. The sentencing court was free to conclude that the seriousness of Appellant's conduct, the breach of parental trust, and the lasting harm inflicted upon the victim outweighed the mitigating evidence proffered by Appellant in support of a lesser sentence. Because the record reflects that the court considered relevant sentencing factors, possessed the benefit of a PSI, and imposed a guideline sentence supported by the circumstances of the offense, Appellant has failed to establish that the

sentence imposed was manifestly unreasonable or that the court abused its discretion.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2026